48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Wayne Morris BROWN, Appellant.
 No. 94-2949.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 3, 1995.
Filed: Feb. 23, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wayne Morris Brown appeals from a final judgment entered in the district court,[1] upon a jury verdict, finding him guilty of two counts of being a felon in possession of a firearm and one count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. Secs. 922(g)(1), (k) and 924(a)(1)(B), (a)(2). For reversal, Brown argues that the district court erred by failing to suppress a .357 magnum revolver and an AK-47 assault rifle seized during searches of his automobile, and his post-arrest statements to law enforcement personnel. We affirm.
 
 
 2
 A police officer observed Brown's companion running down the street carrying a large, dark-colored handgun. While Brown sat in the driver's seat of his automobile, the officer observed Brown's companion enter the automobile and sit in the front passenger's seat. The officer saw the man lean over as if putting something under the right front passenger's seat. The officer ordered both men to exit the automobile and conducted pat-down searches. After the searches failed to reveal the handgun, the officer searched under the right front passenger seat. The officer found a .357 magnum revolver and placed Brown and his companion under arrest. After being advised of his constitutional rights, Brown identified the revolver as his and told the officer that an AK-47 assault rifle was in the trunk of the automobile; he also provided two handwritten statements regarding the incident. The district court denied Brown's pre-trial motions to suppress the weapons and statements, and his trial objections to the evidence. Brown was sentenced to 54 months on each count, with the sentences to run concurrently, followed by two years of supervised release.
 
 
 3
 We conclude that the district court did not clearly err in its factual findings or erroneously apply the applicable law. See United States v. Maholy, 1 F.3d 718, 720 (8th Cir. 1993) (standard of review). Based on his observations, the officer had a reasonable, articulable suspicion for stopping and frisking Brown, see Terry v. Ohio, 392 U.S. 1, 30-31 (1968), and for searching the front passenger compartment of the automobile after the pat-down searches did not reveal the revolver, see Michigan v. Long, 463 U.S. 1032, 1049 (1983) (search of passenger compartment of automobile permissible if police officer possesses reasonable belief based on specific and articulable facts that reasonably warrants officer to believe suspect is dangerous and may gain immediate control of weapon). Finally, after discovering the revolver, the officer had probable cause to arrest Brown for violating Missouri law.[2] Thus, Brown's arguments that the AK-47 assault rifle and his statements were "fruit of the poisonous tree" are meritless. See Wong Sun v. United States, 371 U.S. 471, 487- 88 (1963).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Under Missouri statutory law, a person commits the crime of Unlawful Use of a Weapon, a Class D felony, if he knowingly carries a concealed firearm on or about his person. See Mo. Rev. Stat. Secs. 571.030.1(1) and 571.030.4 (1986)